**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARACELY GUTIERREZ, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| IMPERIAL LA MIAN CHICAGO LLC | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff, Aracely Gutierrez, by and through her attorneys, Becerra Law Group, LLC, for her complaint against Imperial La Mian Chicago LLC ("Defendant"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay overtime wages to Plaintiff.

2.      Plaintiff is former kitchen staff who customarily worked in excess of 40 hours per week, but was not paid overtime wages at the rate of one and a half times her regular rate of pay for all time worked in excess of 40 hours per week.

3.      Plaintiff was misclassified as a salaried employee.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

6.      Plaintiff Aracely Gutierrez resides in and is domiciled in this judicial district.

7.      Plaintiff is a former employee of Defendant who was employed by Defendant in this judicial district.  During the course of her employment, Plaintiff handled goods that moved in interstate commerce.

8.      Plaintiffs handled materials such as dishes and stoves that were not manufactured in the state of Illinois.

9.      Plaintiffs handled materials such as eggs and flour that were not manufactured in the state of Illinois.

10.      Defendant Imperial La Mian Chicago LLC is an Illinois limited liability corporation doing business within this judicial district under the name "Imperial La Mian." Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

11.      Upon information and belief, during the last three years Defendant Imperial La Mian Chicago LLC's annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

12.      Defendant Imperial La Mian Chicago LLC was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

13.     Defendant operates a Chinese restaurant located at 6 West Hubbard Street in Chicago, Illinois.

14.     Within the past three years, the Plaintiff worked for the Defendants performing non-exempt work as a cook in the Lamian noodle station.

15.     Plaintiff worked for Defendant from February 2016 through September 12, 2018.

16.     Plaintiff was classified as exempt.

17.     This exempt classification is improper because Plaintiff's primary duties were non-exempt duties.

18.     Plaintiff's primary duty was preparation of Lamian noodles and was also required to clean the restaurant's kitchen.

19.     Defendant did not pay Plaintiff for hours worked in excess of 40 in a workweek.

20.     Plaintiff was required to sign a contract stating that she was a salaried employee and contained her per annum salary.

21.     For approximately the first six months of her employment, Plaintiff was paid on an hourly basis and was paid overtime wages.

22.     None of Plaintiff's job responsibilities and duties changed from her first six months of employment.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

23.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff.

24.     Plaintiff worked for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

25.     Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26.     During the course of their employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

27.     There were workweeks where Plaintiff was directed by Defendant to work, and did work, in excess of 40 hours per week.

28.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

29.      Defendant did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

30.     Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31.     Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207 as Defendant was aware of its obligation to pay overtime at a rate of one- and one-half times Plaintiff's regular rate.

WHEREFORE, Plaintiff pray for a judgment against Defendant as follows:

A.     A judgment in the amount of one and one-half Plaintiffs' regular rate for all time Plaintiffs worked in excess of 40 hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

32.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

33.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

34.     At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

35.     During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

36.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

37.     Defendant failed to pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

38.     Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours per week.

39.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.      A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time which Plaintiffs worked in excess of 40 hours per week;

B.      Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  September 14, 2018                    **ARACELY GUTIERREZ**


By:  /s/Carlos G. Becerra
One of Plaintiff's Attorneys



CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com